**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4457**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUDITH ARENAS BASURTO, a/k/a LA LA,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonard D. Wexler, Senior District Judge, sitting by designation. (CR-03-587)

Submitted: July 31, 2006          Decided: August 31, 2006

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Matthew Tuohy, Brian J. Counihan, PALERMO, PALERMO & TUOHY, P.C., Smithtown, New York, for Appellant. Chuck Rosenberg, United States Attorney, Jonathan L. Fahey, Assistant United States Attorney, Ian R. Conner, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Judith Arenas Basurto was convicted by a jury of one count of conspiracy to distribute cocaine and MDMA, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Basurto was assigned an offense level of thirty-nine, criminal history category II, and sentenced to 180 months' imprisonment. On appeal, Basurto contends the district court violated her Sixth Amendment rights when it enhanced her sentence based on facts that were neither admitted nor found by a jury beyond a reasonable doubt. We affirm.

Basurto's sentence was imposed after United States v. Booker, 543 U.S. 220 (2005). Therefore, the sentencing court was required to calculate and consider the guideline range as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47; see also United States v. Green, 436 F.3d 449, 457 (4th Cir.) (stating a sentence imposed within a properly calculated guideline range is presumptively reasonable), cert. denied, 126 S. Ct. 2309 (2006). Because the district court properly calculated and considered the advisory guideline range and weighed the relevant § 3553(a) factors, we conclude Basurto's 180-month sentence, which was below both the statutory maximum and the advisory guideline range, is reasonable.

Accordingly, we affirm Basurto's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED